# CURRENT COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

### No. 142
### BERT JENNINGS v. EVELYN M. JENNINGS

Ohio Court of Appeals, Cuyahoga County
No. 4101, Jan. 22, 1923
Sayre, P. J., Middleton and Mauck, JJ., 4th Dist. Setting

This Opinion is Not Published, Except in The Abstract

**DIVORCE AND ALIMONY—Jurisdiction to enter order—(1-4) Temporary alimony at any stage of cause.**

Error to Common Pleas Court

### EPITOMIZED OPINION
MAUCH, J.:

Mrs. Jennings had instituted a suit for divorce, her husband having filed an answer and cross-petition. At the time of the filing of the petition, a motion for alimony pendente lite had been on file for considerable time; the case was heard upon its merits and the court decided that neither of the parties were entitled to relief, and so expressed themselves orally from the bench. After this, and before a journal entry had been made, Mrs. Jennings at once called this motion to the court's attention, and after hearing of the motion, the court allowed her the sum of $400 temporary alimony. A journal entry was then prepared in which the finding of the court, that neither party was entitled to the relief prayed proceeded the order for the payment of the alimony. Jennings contended that the court had lost jurisdiction to enter the order, requiring him to pay the alimony. Held:

1. The court can grant temporary alimony at any stage of the proceeding, either before or after judgment dismissing the case.

2. The plaintiff should not have been permitted to escape the payment of the alimony. She was entitled to counsel and to have reasonable allowance out of which to pay for their services.

3. Judgment of the court was effective, as from the date of the journal entry, not from the date of his verbal expression, as to what the order should be.

4. The fact that in the forepart of the journal entry the case was dismissed and in the latter part, in a separate paragraph, the order for temporary alimony is made, is immaterial and constitutes one entry.

**Attorneys—Klein & Harris, for plaintiff in error; S. M. Young, for defendent in error.**

### No. 143
### HENRY BUDDENBERG v. R. J. LISLE and THOS. KAVANAGH

Ohio Court of Appeals, Cuyahoga County
No. 4147, Jan. 22, 1923

This Opinion Has Been Published in The Abstract Only

**AUTOMOBILE—(1) Negligence in driving—(1) Blinding headlights; duty to stop—(2) Parking without lights.**

### EPITOMIZED OPINION
MAUCK, J.:

Buddenberg was driving an automobile upon a public street after night. That coming, meeting him, was an automobile, whose headlights threw the light into his face, and blinding him so that he could not see the street ahead. He then turned toward the curb and proceeded along the side of the street near the curb, ran into an automobile owned by the defendant, Kavanagh, which was standing near the curb, on the wrong side of the street, and without lights. or any signal or warning of its location.

The defendant contended that Buddenberg was guilty of contributory negligence, which was the approximate cause of the accident; and that the facts set forth in the petition failed to show that the failure of the defendant in not having lights upon his car, was approximate cause of the accident. Held:

1. That where a driver of an automobile is blinded by a light, so that he cannot see, it is his duty to instantly stop his automobile until such condition is removed and that his failure to do so is such contributory negligence, as authorizes the court to so find, as a matter of the law and directs the verdict on this proposition.

The court cites the following cases:

Jaquith v. Worden, 73 Wash., 349, 48 L. R. A. (n. s.), 827.

Hammond v. Morrison, 100 ATL., 154.

Kilgore v. Birmingham Railway, L. & P. Company, 75 Southern, 996.

Berry on Automobiles, §376.

2. By the failure to allege facts, which show that the failure of the defendant to have lights upon his automobile parked at the curb, that the presence of lights would have avoided the injury, was the approximate cause of the collision, and the petition failed to state a cause of action.

**Attorneys—Mooney, McCormack & Roth, for Buddenberg; Paul Howland, for Kavanaugh.**

### No. 144
### E. H. GREEN v. C. H. MILLER

Ohio Court of Appeals, Cuyahoga County
No. 4153, Jan. 15, 1923

No Prior Publication of This Opinion Has Been Made

**SALE OF STOCK—(1)Rescission of contract—(2) Prompt Notice Necessary.**

### EPITOMIZED OPINION
SAYRE, P. J.:

The plaintiff, Green, bought stock in a corporation from Miller, the president of the company, and later brought this action to rescind the sale of the stock, and hold Miller personally responsible, because the same had been obtained by fraud, by the use of a false financial statement. Green had entered into the employment of the corporation and had been so employed for more than a year, prior to the time when he asked to have his money returned, on the grounds of fraud. During the year that he was employed. he had full opportunity to become acquainted with the financial condition of the company. Held:

That if he would rescind the contract, he must offer to do so promptly on discovery of the facts that will justify a rescintion, and while he is able himself, or by the judgment of the court to place the opposite party in statu quo, and the plaintiff not having done so, is not entitled to relief.

**Attorneys—P. L. Carr, Mt. Vernon, for Green; Scott and Bissell, for Miller.**